UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,	Criminal No. 07-225 (PAM/SRN)

Plaintiff,

v.	**ORDER AND MEMORANDUM**

David Eugene Goodsell,

Defendant.

This matter is before the Court on Defendant's Motion for Review of Order for Revocation and Order for Detention.  After a de novo review, see 18 U.S.C. § 3145(b), the Court orally granted the Motion on August 30, 2007, before accepting Defendant's guilty plea.  This Memorandum further explains the Court's Order.

**BACKGROUND**

On June 27, 2007, a grand jury returned an Indictment charging Defendant with one count of possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).  On July 6, 2007, Defendant was ordered detained pending trial pursuant to 18 U.S.C. § 3142.  (Docket No. 8.)  In the Order of Detention, the United States Magistrate determined that although Defendant had not been charged with an offense that would trigger presumptive pretrial detention, there was probable cause to believe that Defendant had committed such an offense—specifically, transport or distribution of child pornography.  (Docket No. 13.) The Order also stated that there was probable cause to believe that Defendant had committed sexual assaults in July and November 2006, such that release under any conditions would not

reasonably assure the community's safety.

The probable cause was based on testimony from a Federal Bureau of Investigation (FBI) Special Agent. The agent testified that when he first interviewed Defendant in June 2005, Defendant admitted to possessing child pornography and also to distributing it to others including while Defendant was stationed in the military in Germany. The agent also testified that he had reviewed law enforcement reports indicating that a person fitting Defendant's physical description had groped a woman as she slept at Camp Ripley, Minnesota on July 28, 2006. The agent further testified that he had reviewed law enforcement reports concerning a November 27, 2006 domestic assault involving Defendant's wife that resulted in felony charges.

Defendant sought this Court's review of the Order of Detention and requested that the Court establish conditions of release. In response, the Government asserted that the pretrial detention presumption applied. On August 30, 2007, Defendant pled guilty to the Indictment and was released subject to conditions. (Docket Nos. 37-38.)

**DISCUSSION**

The Court's review of a magistrate judge's pretrial detention order is de novo. United States v. Maull, 773 F.2d 1479, 1484 (8th Cir. 1985) (en banc). Subject to the defendant's rebuttal, pretrial detention is presumed if a judicial officer finds probable cause that the defendant committed one of several enumerated offenses, which include transporting, receiving, distributing, or selling child pornography. 18 U.S.C. § 3142(e) (citing 18 U.S.C.§ 2252(a)(1)-(3)). Defendant was indicted for possessing child pornography in violation of 18

U.S.C. § 2252(a)(4)(B). As the Magistrate Judge made clear, this is not among the enumerated offenses for which pretrial detention is presumed.

Indictment for an enumerated offense can provide sufficient probable cause to trigger presumptive pretrial detention. See United States v. Logan, 960 F. Supp. 199, 201 (D. Minn. 1997) (Rosenbaum, J.). However, the Government has not provided authority indicating that presumptive pretrial detention should have been triggered in this case. Section 3142 "continues to favor release over pretrial detention." United States v. Orta, 760 F.2d 887, 890 (8th Cir. 1985); see also United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985) ("presumption was intended to arise only after a defendant has been charged with the particular offense by a valid complaint or indictment"). Nor did the Government meet its burden of establishing by clear and convincing evidence "that no release condition or set of conditions will reasonably assure the safety of the community." United States v. Kisling, 334 F.3d 734, 735 (8th Cir. 2003). Accordingly, release with conditions is warranted.

**CONCLUSION**

The Government did not establish that presumptive detention was warranted under these circumstances. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Review of Order for Revocation and Order for Detention (Docket No. 30) is **GRANTED**; and

2. Defendant is ordered to abide by the Order Setting Conditions of Release filed August 30, 2007 (Docket No. 38).

Dated: September 19, 2007

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge
